FÉLIX RIVERA RIVERA, Petitioner and Appellant, v. GERARDO DELGADO, ETC., Respondent and Appellee.

No. O-68-58.     Decided May 4, 1970.

*Pedro Malavet Vega* for appellant. *Rafael A. Rivera Cruz, Solicitor General,* and *Peter Ortiz, Acting Deputy Solicitor General,* and *Federico Rodríguez Gelpí, Assistant Solicitor General,* for appellee.

PER CURIAM: Appellant was convicted of the offense of crime against nature in subsequent degree. He was sentenced to serve from 10 to 15 years in the penitentiary. This is an appeal from a petition of habeas corpus which was dismissed by the Superior Court. Appellant assigns the commission of the following four errors:

1. "The fact that the lady Monserrate Romeu was not excused from the jury who sat at the trial of the case, although this lady had been peremptorily waived by defendant at the beginning of a trial previously held against same defendant, and which was vacated by the court when it decreed a mistrial because said lady of the jury had ratified her desire not to intervene in the case."

2. "That the trial court allowed, over the defense's objection, that Quintín Martínez, witness for the prosecution, would testify about the statements made by the alleged victim on hearsay evidence, since, as petitioner alleges, the necessary grounds for the admission of that testimony had not been established in the light of the doctrine of *res gestae.*"

3. "That the due process of law was violated when the presiding judge, while charging the jury and explaining the offense of crime against nature, informed the jury that this offense was known as sodomy, that it took this name from the old city of Sodom, which according to the sacred history was punished by the heavens with a miraculous fire for having abandoned itself to such shameful behavior."

4. "The Honorable court committed error of fact and of law in not determining that a fundamental error was committed in bringing into the jury's knowledge that defendant had been previously convicted of a felony, despite the fact that the subsequent offense had been previously accepted and without there being any reason to bring said fact to the jury's knowledge."

The fourth error assigned was committed. At the end of his cross-examination the prosecuting attorney made the following question to defendant:

"Q. The last question which I am going to ask you, answer yes or no. Have you ever been convicted of a felony?
A. Yes, sir.
PROSECUTING ATTORNEY: Nothing more with the witness."

■ After these words the defense announced that it waived the three additional witnesses for the defense which it had; the prosecuting attorney and the defense submitted the case; the parties stipulated that the judge was not to make a summary of the evidence, and after an adjournment, the judge proceeded to instruct the jury.

In the case at bar defendant admitted the previous conviction before the information was read and it was not permissible to inform the jury of said previous conviction. In doing thus, Rule 68 of the Rules of Criminal Procedure was violated, which rule, in its pertinent part, reads as follows:

"When the information charges a subsequent offense or habitual delinquency the defendant may, at the time of making his plea, or at any subsequent time provided it is prior to the reading of the information to the jury, admit the former conviction or convictions and, in such case, the jury shall not be informed *in any manner whatsoever* of the existence of said conviction or convictions." (Italics ours.)

In *People* v. *Aponte*, 83 P.R.R. 491, 497 (1961), we stated:

"The local rule is to the effect that when the defendant admits the plea of subsequent offense, such fact should not be submitted to the jury for consideration and that, in such event, the proper thing to do is to deliver to the jury a copy of the information from which every allegation of the previous offense has been stricken out, *People* v. *Beltrán*, 73 P.R.R. 466, 475 (1952); *People* v. *González*, 80 P.R.R. 203, 205 (1958). If the fact is set forth in a document, the jury must be furnished with a copy in which it is not mentioned; if it appears in oral state-

ments, they must be absolutely prohibited. *People* v. *Colón*, 81 P.R.R. 321, 325, 327 (1959). This is so because in a criminal prosecution the defendant may be tried only for the offense charged in the information and, therefore, evidence of other offenses committed by him is not admissible, except when the previous offense (a) is a material fact to establish the commission of the crime charged; (b) when it is a part of the *res gestae;* (c) it shows motive, intent, premeditation, malice, or a common plan; or (d) forms part of the same transaction, *People* v. *Archeval,* 74 P.R.R. 478, 482 (1953)."

See, also, *People* v. *Hernández Pérez,* 94 P.R.R. 588, 593 (1967), and *People* v. *Colón,* 81 P.R.R. 321, 324, 325 (1959).

■ Although the error which we have just discussed was raised for the first time on appeal and normally it should not prosper, *People* v. *Del Valle,* 91 P.R.R. 167, 172 (1964); *People* v. *Guadalupe,* 62 P.R.R. 251, 254 (1943), however, as an exception and since it is a fundamental error, we may, and in this case we think we must, admit that it was committed. 4 L.P.R.A. § 36; 34 L.P.R.A. § 1171; *People* v. *Torres Rosario,* 89 P.R.R. 142, 145 (1963).

In view of the conclusion we have reached about the fourth error, it is not necessary to discuss the other assignments. The judgment rendered in this case by the Superior Court, Mayagüez Part, on January 31, 1968, will be reversed and a new trial ordered.

Mr. Justice Pérez Pimentel, Mr. Justice Blanco Lugo, Mr. Justice Dávila, and Mr. Justice Torres Rigual dissented.